IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| MARGARET CRITTENDON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARAI AMERICAS, INC., et al. )<br>)<br>Defendants. ) | Civil Action No. 2:13-cv-567 |

**REPLY MEMORANDUM OF DEFENDANTS ARAI AMERICAS, INC.
AND JUNICHI FUKANO IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS**

Defendants Arai Americas, Inc. ("Arai") and Junichi Fukano ("Fukano") (collectively, "Defendants"), by counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submit this reply memorandum in further support of their Partial Motion to Dismiss.[1]

### INTRODUCTION

In her memorandum in opposition to Defendants' Partial Motion to Dismiss, Plaintiff Margaret Crittendon asserts that she has pled a valid claim for intentional infliction of emotional distress ("IIED") in Count V that survives dismissal under the *Iqbal/Twombly* standard. *See* Plaintiff's Brief in Opposition to Defendants Arai Americas, Inc. and Junichi Fukano's Partial Motion to Dismiss Complaint ("Opp. Br.") at 5-10. Plaintiff's opposition, however, does hardly anything more than repeat the allegations of the Amended Complaint. Indeed, Plaintiff fails entirely to address the many cases holding that neither a discrimination claim *nor a defamation claim* can, in and of itself, support a claim for IIED. Further, Plaintiff continues to rely on her conclusory allegations, unsupported by factual statements, to try and cobble together a claim of

---

[1] Plaintiff has conceded that there can be no claim under Title VII of the Civil Rights Act or the Equal Pay Act levied against Fukano. The parties will submit a consent Order to that effect. Therefore, this memorandum will not address those issues further.

severe emotional distress. Plaintiff's allegations fail woefully short of stating a valid claim for IIED.

### ARGUMENT

Defendants challenged Count V because Plaintiff failed to plead facts supporting the second and fourth elements of an IIED claim: (1) outrageous or intolerable conduct and (2) severe emotional distress. *See Supervalu, Inc. v. Johnson*, 276 Va. 356, 370, 666 S.E.2d 335, 343 (2008). Because the tort of IIED is not favored in the law, and courts must "tightly control" such claims, few survive the pleadings stage. *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 436 (4th Cir. 2006) (quoting *Russo v. White*, 241 Va. 23, 27, 400 S.E. 2d 160, 163 (1991); *Ruth v. Fletcher*, 237 Va. 366, 373, 377 S.E. 2d 412, 415 (1989)); *Beardsley v. Isom*, 828 F. Supp. 397, 401 (E. D. Va. 1993), *aff'd sub nom., Beardsley v. Webb*, 30 F.3d 524 (4th Cir. 1994) (quoting *Ruth*, 237 Va. at 373, 377 S.E. 2d at 415). Indeed, as the Fourth Circuit has stated, it is only "the rare case that will satisfy the outrageousness standard" necessary to state a claim for IIED. *Perry v. City of Norfolk,* 1999 U.S. App. LEXIS 22678, *10-12 (4th Cir. Sept. 20, 1999). Here, Plaintiff's arguments fail to address the deficiencies in her pleadings, and she cannot point to underlying factual allegations in the Complaint sufficient to satisfy the *Iqbal/Twombly* standard.

**I.     Plaintiff Has Not Alleged Facts Demonstrating Outrageous And Intolerable Conduct.**

"Virginia's tort of intentional infliction of emotional distress requires a showing of 'outrageous and intolerable' conduct that offends generally accepted standards of morality and decency." *See Beardsley*, 828 F. Supp. at 400. "The Virginia Supreme Court has emphasized the difficulty of meeting this threshold requirement by stating that it can only be found '*where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all*

2

*possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.*'" *Id.* (citing *Russo*, 241 Va. at 37, 400 S.E.2d at 162)) (emphasis added).

Plaintiff acknowledges that claims for IIED arising out of allegedly hostile and discriminatory environments in the workplace, including discriminatory terminations will generally fail to satisfy the outrageousness standard. Opp. Br. at 7 ("Plaintiff agrees that simply creating a hostile work environment and terminating the Plaintiff's employment, although reprehensible, would not rise to a degree of outrageous and intolerable behavior to establish a claim."); *see, e.g., Ainsworth v. Loudoun Cnty. Sch. Bd.*, 851 F. Supp. 2d 963, 982 (E. D. Va. 2012) (citing *Musselman v. Merck & Co., Inc.*, 2006 U.S. Dist. LEXIS 69135, at *5-6 (E. D. Va. Sept. 13, 2006) (series of adverse employment actions culminating in termination failed to support IIED claim); *Burke v. AT & T Technical Servs. Co., Inc.*, 55 F. Supp. 2d 432, 441 (E. D. Va. 1999) (demotion and termination allegedly based on racial discrimination did not constitute outrageous conduct); and *Beardsley*, 828 F. Supp. at 401 (adverse employment actions taken in retaliation for the plaintiff's complaints of sexual harassment did not rise to the requisite level of severity)). Plaintiff claims, however, that her IIED claim is distinguishable because it is based on the following allegations: "Defendants intentionally and recklessly spread false statements spread [sic] amongst the Virginia Beach business community that Plaintiff was terminated because she stole money from the company, planned a drive by shooting, and even after Plaintiff's employment was terminated, encouraged others to file false complaints that the food at Plaintiff's restaurant caused people to become ill." Opp. Br. at 7.

In other words, Plaintiff asserts that her IIED claim should survive because it is based on false, defamatory statements designed to injure her reputation. Opp. Br. At 7. Although Defendants do not condone false statements, Plaintiff's allegations, whether viewed singly or in

3

combination, do not meet the strict standard for IIED as established by Virginia law.  Plaintiff completely fails to address the ample legal authorities cited by Defendants, holding that defamation is insufficient to support a valid claim for IIED.  Defendants pointed to *Warner v. Buck Creek Nursery, Inc,* where the plaintiff claimed IIED based on allegations that the defendants *falsely stated that he was fired for theft*.  *See Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 265 (W. D. Va. 2001).  This case could not be more on point.  The court dismissed the IIED claim, stating that "[b]ecause the allegations in [plaintiff's] complaint are *completely insufficient* to demonstrate the level of outrageousness required under Virginia law, 'it appears beyond doubt that [Mr. Warner] can prove no set of facts in support of his [IIED] claim which would entitle him to relief.'" *Id.* at 265 (emphasis added).  *Warner* illustrates that falsely accusing a plaintiff of a felony, while potentially actionable as defamation, fails to state a valid claim for IIED.  *See also Johnson v. Plaisance*, 25 Va. Cir. 264, 265 (Charlottesville 1991) (allegedly false reporting to state authority that a plaintiff was unfit to practice nursing did not rise to the level of outrageousness required by law).

Plaintiff cites no authority demonstrating that allegations comparable to those here rise to the level of outrageousness required for an IIED claim under Virginia law.  To the contrary, Plaintiff offers nothing in opposition to Defendants' motion except to repeat the allegations of the Amended Complaint.  In contrast, Defendants have offered abundant authority demonstrating that workplace harassment and defamation are not sufficient to state a claim for IIED.  Indeed, the few cases where IIED claims have been recognized involve fact scenarios far more egregious than the alleged insults and indignities that Plaintiff claims to have suffered.  *See* cases cited by Defendants in their opening memorandum at 9.  For example, Plaintiff's allegation that Defendant Adrian Speller ("Speller") terminated or failed to renew her health insurance coverage

4

pales in comparison to the type of conduct recognized by the Supreme Court of Virginia as sufficient to state a claim of IIED. Am. Compl. ¶ 100.

Plaintiff's allegations do not approach the stringent standard necessary to be the "rare case" that states a claim for IIED. The conduct alleged simply is not outrageous or intolerable, and therefore the allegations fail to state a plausible claim. For this reason alone, Count V should be dismissed.

## II. Plaintiff's Allegations Do Not Demonstrate The Severe Emotional Distress Required To State A Claim Under Virginia Law.

Plaintiff also fails to allege facts showing that she suffered severe emotional distress that no reasonable person could be expected to endure. Plaintiff concedes that conclusory allegations are insufficient to show severe emotional distress, but then relies wholly on conclusory allegations to try and avoid dismissal. Opp. Br. at 8-9. This failure, in and of itself, is fatal to Count V.

In support of her position, Plaintiff continues merely to repeat the conclusory allegations of the Amended Complaint. Opp. Br. At 9. Plaintiff makes no attempt to cite any Virginia case that supports her position, nor does she distinguish the cases cited by Defendants. Indeed, the only IIED case cited by Plaintiff is *Russo v. White*, 241 Va. 23, 400 S.E.2d 160 (1991). *See* Opp. Br. At 8-9. In *Russo,* however, the plaintiff's allegations regarding emotional distress were similar to those here, and were found *insufficient* to state a claim.

In conclusory fashion, and as the sole support for her position, Plaintiff contends that her emotional distress was "sufficiently severe," describing "embarrassment, inconvenience, humiliation, severe mental anguish, pain, suffering, loss of income, litigation expense, including attorney's fees, medical expense, consequential damages, and other injuries." Opp. Br. At 9, citing Am. Compl. ¶ 62. None of these allegations are sufficient under *Iqbal* to survive the

5

partial motion to dismiss. Indeed, Plaintiff has not pled any underlying facts to establish objective physical injury or any other manifestation of severe emotional distress, such as being confined to the home. *Russo*, 241 Va. at 28. Moreover, many of the injuries Plaintiff pleads have nothing whatsoever to do with emotional distress, *i.e.,* lost income and fringe benefits from *termination*, and litigation expenses. Opp. Br. at 9.

Plaintiff's arguments are not entirely coherent, but one thing is clear – she fails to point to specific, concrete facts in support of her claim that she suffered severe emotional distress. *See, e.g., Henderson v. Labor Finders of Virginia, Inc.,* 2013 U.S. Dist. LEXIS 47753 at *31 (E. D. Va. Apr. 2, 2013) (conclusory allegations of injury to health and peace of mind were insufficient for IIED claim); *Taxson v. Taxson*, 30 Va. Cir. 134 (Fairfax Co. 1993) (sustaining demurrer because allegations regarding severity of plaintiff's emotional distress caused by defendant's alleged breach of contract were conclusory). Accordingly, Plaintiff fails to state a claim under the *Iqbal/Twombly* standard, and Count V should be dismissed for this reason alone.

### CONCLUSION/SUBMISSION OF MOTION ON BRIEFS

Based on the allegations of the Amended Complaint, Count V should be dismissed as to Fukano and Arai. Defendants further state that the issues are ripe for adjudication and submit their partial motion to dismiss on the briefs, without the need for oral argument.

ARAI AMERICAS, INC. and
JUNICHI FUKANO

/s/ David E. Constine, III
David E. Constine, III, VSB No. 23223
david.constine@troutmansanders.com
Rebecca E. Ivey, VSB No. 76873
rebecca.ivey@troutmansanders.com
Troutman Sanders LLP
1001 Haxall Point (23219)
P O Box 1122
Richmond, VA 23218
(804) 697-1258
FAX (804) 697-1339
*Counsel for Arai Americas, Inc. and Junichi Fukano*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy of the foregoing to:

R. Barry Rowell, Esquire
Bradford A. Miller, Esquire
Valverde & Rowell, PC
3500 Virginia Beach Boulevard, Suite 110
Virginia Beach, VA 23452
barry@valverderowell.com
brad@valverderowell.com
  *Counsel for Plaintiff*

Vijay K. Mago, Esquire
Olaoluwaposi O. Oshinowo, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
vijay.mago@leclairryan.com
  *Counsel for Adrian Speller*

Sara B. Rafal, Esquire
J. Nelson Wilkinson, Esquire
Williams Mullen
222 Central Park Avenue
Suite 1700
Virginia Beach, VA 23462
srafal@williamsmullen.com
  *Counsel for Debra Ragsdale and Nicole Francis*

ARAI AMERICAS, INC. and
JUNICHI FUKANO

/s/ David E. Constine, III
David E. Constine, III, VSB No. 23223
david.constine@troutmansanders.com
Rebecca E. Ivey, VSB No. 76873
rebecca.ivey@troutmansanders.com
Troutman Sanders LLP
1001 Haxall Point (23219)
P O Box 1122
Richmond, VA 23218
(804) 697-1258
FAX (804) 697-1339
*Counsel for Arai Americas, Inc. and Junichi Fukano*

21452870v1