

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

MARGARET CRITTENDON,

    Plaintiff

v.                                             CIVIL NO. 2:13-CV-567

ARAI AMERICAS, INC., ET AL,

    Defendants.

## OPINION AND ORDER

These matters come before the Court on three separate Motions to Dismiss for Failure to State a Claim. ECF Nos. 5, 8, 11. Arai Americas, Inc., Junichi Fukano, Deborah Ragsdale, Nicole Francis, and Adrian Speller ("Defendants") moved to dismiss, in three separate motions, numerous Counts as alleged by Margaret Crittendon ("Plaintiff"). The Motions are ripe for determination, and Defendants, the movants, request ruling on the papers. For the reasons herein, the court **GRANTS** the Motions to Dismiss as to Count 5. ECF Nos. 5, 8, 11.

    I.     **PROCEDURAL HISTORY**

Plaintiff filed a five-count Amended Complaint in Chesapeake Circuit Court in Virginia against Arai Americas, Inc., her former employer and the employer of the other named defendants, as well as Adrian Speller, Deborah Ragsdale, Junichi Fukano, and Nicole Francis, individually and as agents of Arai Americas, Inc. ECF. No. 1, Doc. 1-4. Plaintiff alleges violations of Title VII of the Civil Rights Act, the Equal Pay Act, and the Family and Medical Leave Act, as well as Defamation and Intentional Infliction of Emotional Distress.

Arai Americas, Inc. and Junicho Fukano removed the case to federal court with the consent of all named Defendants on October 17, 2013. ECF No. 1. Defendants filed the instant motions October 24, 2013. ECF Nos. 5, 8, 11. Defendants Deborah Ragsdale and Nicole Francis together filed a Motion to Dismiss. ECF No. 5. Defendants Arai Americas, Inc. and Junichi Fukano filed another joint Motion to Dismiss. ECF No. 8. And Defendant Adrian Speller filed her own Motion to Dismiss. ECF No. 11. Defendants Fukano and Arai Americas, Inc. also demurred in Chesapeake Circuit Court and ask the Court to convert that Demurrer into a Partial Motion to Dismiss under Rule 12(b)(6). Plaintiff responded to all three Motions November 4, 2013. ECF Nos. 13, 14, 15. Defendants all replied on November 12, 2013. ECF Nos. 17, 18, 19.

On December 6, 2013, per the Motions, Responses, and the Parties' Agreements, the Court dismissed: Count I (Title VII) as to all Defendants but Arai Americas, Inc.; Count II (Equal Pay Act) as to Deborah Ragsdale, Nicole Francis, and Junichi Fukano; and Count III (Family and Medical Leave Act or FMLA) as to Deborah Ragsdale and Nicole Francis

The remaining counts indicate that Plaintiff is suing:

1. Deborah Ragsdale, individually and as an agent of her employer Arai Americas, Inc., for Defamation (Count 4) and Intentional Infliction of Emotional Distress (Count 5);

2. Nicole Francis, individually and as an agent of her employer Arai Americas, Inc., for Defamation (Count 4) and Intentional Infliction of Emotional Distress (Count 5);

3. Junichi Fukano, individually and as an agent of his employer Arai Americas, Inc., for violating Plaintiff's FMLA Rights (Count 3), Defamation (Count 4), and Intentional Infliction of Emotional Distress (Count 5);

4. Adrian Speller, individually and as an agent of her employer Arai Americas, Inc., for Equal Pay Act violations (Count 2), FMLA Rights (Count 3), Defamation (Count 4), and

Intentional Infliction of Emotional Distress (Count 5); and

5. Arai Americas, Inc. for Title VII violations (Count 1), Equal Pay Act violations (Count 2), violating Plaintiff's FMLA rights (Count 3), Defamation (Count 4), and Intentional Infliction of Emotional Distress (Count 5).

This jigsaw puzzle-like Amended Complaint results from Plaintiff's shotgun litigation approach. In response to Plaintiff's claims:

1. Defendant Deborah Ragsdale moves to dismiss Plaintiff's Intentional Infliction of Emotional Distress claim (Count 5);

2. Defendant Nicole Francis moves to dismiss Plaintiff's Intentional Infliction of Emotional Distress claim (Counts 5);

3. Defendant Junichi Fukano moves to dismiss Plaintiff's Intentional Infliction of Emotional Distress claim (Count 5);

4. Defendant Speller moves to dismiss Plaintiff's FMLA and Intentional Infliction of Emotional Distress claims (Counts 3 and 5 respectively) and points out that Plaintiff's Equal Pay Act claim (Count 2) does not countenance Speller as a liable party; and

5. Defendant Arai Americas, Inc. moves to dismiss Plaintiff's Intentional Infliction of Emotional Distress claim (Count 5).

These Motions do not affect Count 4 (Defamation) of the Amended Complaint. The Court will deal with one suit at a time against one group of people at a time. In order to maintain clarity, the Court addresses Count 5 (Intentional Infliction of Emotional Distress) only in this order.

## II. FACTUAL HISTORY

Plaintiff is a former employee of Arai Americas, Inc. Plaintiff worked at Arai Americas' Virginia Beach, Virginia facility from February 2008, was promoted to Senior Vice President on July 17, 2009, and terminated on August 13, 2012. She opened a restaurant in early 2013 in

3

Chesapeake.

Plaintiff alleges that:

1. Defendants and others "fabricated information and asked employees to file false complaints against Plaintiff in an attempt to injure her reputation and have her employment terminated." Am. Compl. ¶¶ 33, 80, 98.

2. Nicole Francis and Junichi Fukano made false statements about Plaintiff, informing a large group of employees that Plaintiff was planning a drive by shooting at the facility. Am. Compl. ¶¶ 35, 82.

3. Junichi Fukano, Nicole Francis, and Deborah Ragsdale made false statements about Plaintiff, informing others that Plaintiff had stolen money from Arai Americas, Inc. and committed other financial improprieties. Am. Compl. ¶¶ 37, 39, 83, 85, 86.

4. The statements made by Defendants impute to Plaintiff the commission of some criminal offense involving moral turpitude. Am. Compl. ¶ 41.

5. The statements made by Defendants impute to Plaintiff an unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. Am. Compl. ¶¶ 42, 89.

6. Defendants' statements prejudice Plaintiff in her profession or trade. Am. Compl. ¶¶ 43, 90.

7. Nicole Francis and Adrian Speller fabricated information and asked employees to file false complaints against Plaintiff in an attempt to injure her reputation and have her employment terminated. Am. Compl. ¶¶ 44, 91.

8. Plaintiff has suffered a loss of income and fringe benefits as a result of her termination. Am. Compl. ¶ 58.

9. As a result of the acts of discrimination, plaintiff suffered emotional harm and harm to her reputation. Am. Compl. ¶ 59.

10. As a direct and proximate result of Defendants' actions, Plaintiff has suffered, continues to suffer, and will in the future suffer injury and damages, including embarrassment, inconvenience, humiliation, severe mental anguish, pain, suffering, loss of income, litigation expense, including attorneys' fees, medical expense, consequential damages, and other injuries. Am. Compl. ¶ 62.

11. As a direct and proximate result of the acts and practices of Arai Americas, Inc., Adrian Speller, Deborah Ragsdale, Junichi Fukano, and Toshiro Kezuka, Plaintiff has suffered and continues to suffer injury and damage, including loss or denial of employment, past and future loss and denial of income, including wages, employment benefits, interest and other past and future pecuniary losses. Am. Compl. ¶ 78.

12. Nicole Francis and Junichi Fukano informed others that Plaintiff had stolen money from the company and committed other financial improprieties. Am. Compl. ¶ 83.

13. Defendants' statements impute to Plaintiff the commission of some criminal offense involving moral turpitude, for which, if the allegations were true, may result in Plaintiff being indicted and punished. Am. Compl. ¶ 88.

14. Adrian Speller openly encouraged other employees to attempt to injure Plaintiff in her profession after Plaintiff opened a restaurant in February 9, 2013. Am. Compl. ¶ 92.

15. Adrian Speller, an Arai Americas, Inc. employee, encouraged employees to voice false complaints about Plaintiff's restaurant to the Chesapeake Health Department, reporting that they became ill from eating there. Am. Compl. ¶¶ 93, 99.

16. Adrian Speller, Deborah Ragsdale, Nicole Francis, Toshiro Kezuka and Junichi Fukano, and other Arai Americas, Inc. employees intentionally and recklessly made false statements about Plaintiff . . . in an attempt to damage her reputation. Am. Compl. ¶ 97.

17. Adrian Speller intentionally terminated Plaintiff's health insurance coverage or intentionally failed to renew it, causing Plaintiff severe emotional distress. Am. Compl. 100.

18. The Defendants' conduct was "intentional and/or reckless and so outrageous and intolerable as to offend against generally acceptable standards of decency and morality." Am. Compl. ¶ 101.

19. "As a result of [Defendants'] behavior . . . Plaintiff has experienced severe emotional distress." Am. Compl. ¶ 102.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This directive has not been interpreted to require "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It does require, however, a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to allow such an inference. *Id.* (citing *Twombly*, 550 U.S. at 555).

Where a plaintiff fails to state a claim upon which relief can be granted, or otherwise fails to meet the requirements of Rule 8(a)(2), Federal Rule of Civil Procedure 12(b)(6) permits a party to move the court to dismiss an action. The function of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Neitzke v. Williams*, 409 U.S. 319, 326–

6

27 (1989). The Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should be granted only in "very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); *Davis v. Hudeins*, 896 F.Supp. 561, 566 (E.D .Va.1995) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quotation omitted); *Davis*, 896 F.Supp. at 566 (citing *Martin Marietta Corp. v. Int'l Telecomm. Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992)). And legal conclusions, which provide the complaint's framework, are not entitled to the assumption of truth if they are not supported by factual allegations. *Iqbal*, 556 US at 664.

Plaintiff's instant claim for intentional infliction of emotional distress must meet four elements. First, Defendants' conduct must have been intentional or reckless, meaning Defendants had the specific purpose of inflicting emotional distress or intended their specific conduct and knew or should have known that emotional distress would likely result. Second, Defendants' conduct must have been outrageous and intolerable in that it offends against generally accepted standards of decency and morality; claims involving mere bad manners and hurt feelings are insufficient. Third, there must be a causal connection between Defendants' conduct and Plaintiff's emotional distress. And fourth, Plaintiff's emotional distress must be severe. *Womack v. Eldridge*, 215 Va. 338, 342 (1974). Plaintiffs must allege all facts necessary to establish the cause of action. *Russo v. White*, 241 Va. 23, 28 (1991). Torts of this nature are not favored in the law. *Id.* at 26 (citing *Ruth v. Fletcher*, 237 Va. 366, 373 (1989)).

It is for the Court, in the first instance, to determine whether Defendants' conduct was so outrageous as to permit recovery under the second prong of *Womack*, 215 Va. at 342. Where reasonable men could differ regarding the alleged conduct, the question must be presented to a jury. *Id.* To meet the fourth prong of *Womack*, Plaintiff must claim, for example, "that she had [some] objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." *Russo*, 241 Va. at 28. Moreover, the stress must be "so severe that no reasonable person could be expected to endure it." *Id.* at 27.

## IV. ANALYSIS

### A. WHETHER PLAINTIFF'S EMOTIONAL DISTRESS WAS SEVERE

Among Plaintiff's many allegations are injury, damage, humiliation, inconvenience, embarrassment, litigation expense, denial of employment, severe mental anguish, attorneys' fees, and pain. These injuries may exist and be consequential, but they do not constitute severe emotional distress. While Plaintiff also contends that she suffered severe emotional distress, she does so in a conclusory fashion insufficient to survive a motion to dismiss. For this reason, the Court will grant Defendants' Motions to Dismiss as to Count 5.

To meet the fourth prong of *Womack*, Plaintiff must claim, for example, "that she had [some] objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." *Russo*, 241 Va. at 28. Moreover, the stress must be "so severe that no reasonable person could be expected to endure it." *Id.* at 27.

Of the categories required, Plaintiff only alleges loss of income. In her Amended Complaint, Plaintiff offers only two conclusory allegations that she suffered severe emotional distress but supports these allegations with no facts to illustrate the severity of the emotional distress. There is nothing in the Amended Complaint, viewed in the light most favorably to Plaintiff, that suggests Plaintiff's loss of income resulted from her severe emotional distress. To

be sure her firing caused her to lose income, just as filing false complaints about her new restaurant may have caused her to lose income. But Plaintiff never alleges that her emotional distress caused a loss of income. Consequently, Plaintiff has failed to allege severe emotional distress in her complaint and thus fails to meet prong four of *Womack* and Rule 8's requirements to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678. Therefore, dismissal is appropriate under Rule 12(b)(6).

Although Plaintiff's failure to meet prong four of *Womack* warrants dismissal, the Court reviews *Womack's* other prongs as well.

### B. WHETHER PLAINTIFF PLED SUFFICIENT FACTS TO DEMONSTRATE THAT DEFENDANTS' CONDUCT WAS INTENTIONAL OR RECKLESS

To meet this prong, Plaintiffs must plead that Defendants had the specific purpose of inflicting emotional distress or intended their specific conduct and knew or should have known that emotional distress would likely result. *Womack*, 215 Va. at 342. In *Ruth v. Fletcher*, the Virginia Supreme Court found that a woman who was unsure of her baby's paternity and entwined her former lover's life with her son's before severing that relationship when she remarried and determined that the son was not her former lover's did not amount to intentional or reckless conduct under *Womack*. *Ruth*, 237 Va. at 373. Without proof that the scheme was concocted to convince her former lover that the child was his in order to hurt him later when she took the child from him, the court found the prong unmet. *Id.* *Ruth*, however, was decided after a jury verdict and involved a woman who was uncertain about the paternity of her child.

The instant case is at the motion to dismiss stage, and Plaintiff has alleged that Defendants knew the statements they made were false. Plaintiff alleged that Defendants intentionally and reckless made statements about Plaintiff in an attempt to damage her

reputation. Am. Compl. ¶ 97. Plaintiff also alleged that Nicole Francis and Junichi Fukano made false statements about Plaintiff, informing a large group of employees that Plaintiff was planning a drive by shooting at the [Arai Americas] facility." Am. Compl. ¶ 35. Finally Plaintiff alleges that Adrian Speller intentionally canceled her health insurance coverage or intentionally failed to renew it, causing severe emotional distress. Am. Compl. ¶ 100.

Intentionally or recklessly taking actions do not amount to intentionally or recklessly inflicting emotional distress. Making false statements about Plaintiff to damage her reputation or falsely telling third parties that Plaintiff intended to commit a drive by shooting at the facility does not mean the Defendants here intended or recklessly caused Plaintiff's emotional distress. The actions may be vindictive and mean-spirited but they are not illustrative of intent to inflict emotional distress. Speaking to third parties about an individual in the business gossip and office safety contexts, as suggested here, lacks the requisite intent to inflict emotional distress. Nor would the Defendants know or should have known that these conversations with third parties would cause severe emotional distress to Plaintiff.

Although intentionally canceling or failing to renew Plaintiff's health insurance leans closest to the requisite level of intent required under _Womack_, the facts here do not support Plaintiff's contention. Defendant Speller allegedly terminated Plaintiff's health insurance in April 2013, long after Plaintiff's firing. Health insurance cancelations are a fact of modern life – as evidenced in recent months with the implementation of the Affordable Care Act – and do not alone result in severe emotional distress. Absent context or other factors, simply canceling a former colleague's health insurance does not meet the requisite level of intent, intentional or reckless, required under _Womack_ for tortious intentional infliction of emotional distress.

### C. WHETHER PLAINTIFF HAS PLED OUTRAGEOUS OR INTOLERABLE CONDUCT ON THE PART OF DEFENDANTS

Plaintiff must also plead outrageous and intolerable conduct on the part of the Defendants. Defendants' conduct must offend against generally accepted standards of decency and morality; claims involving mere bad manners and hurt feelings are insufficient. *Womack*, 215 Va. at 342. If reasonable men would not disagree, it is for the Court to determine whether the Defendants' conduct was sufficiently extreme and outrageous as to result in liability. *Womack*, 215 Va. at 342. This prong is seldom met by plaintiffs under Virginia law with a teacher's continued bullying and humiliation of her ill student, *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999), and an innocent man being photographed and presented as a possible suspect in a child molestation case, *Womack*, 215 Va. at 342-43, among the few examples of sufficiently outrageous behavior. The Court does not take Plaintiff's legal conclusions that the Defendants' conduct here was "intentional and/or reckless and so outrageous and intolerable as to offend against generally acceptable standard of decency and morality," Am. Compl. § 101, at face value and determines the sufficiency of the pleading and the underlying actions' outrageousness for itself.

Plaintiff alleges that Defendants Ragsdale, Francis, and Fukano filed false reports and informed others that Plaintiff had stolen money or committed financial improprieties at Arai Americas, Inc. as well as fabricated information and asked other employees to file false reports to injure Plaintiff's reputation and have her employment terminated. These vague allegations are precisely the threadbare pleadings *Iqbal* and Rule 8 guard against. *Iqbal*, 556 U.S. at 678. What false reports, what crimes, what money? Are among a few of the questions Plaintiff fails to address in her Amended Complaint. Furthermore, rumors and false reports accusing Plaintiff of these financial improprieties are not so extreme and outrageous as to permit recovery. *Warner v.*

11

*Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 265 (dismissing an intentional infliction of emotional distress claim because the allegedly false statements defendant made that plaintiff was fired for theft in order to destroy plaintiff's reputation in the community were insufficient to demonstrate the level of outrageousness required under Virginia law). Such conversation are typical in the wake of a high-profile termination. In these charged moments, gossip and rumors run wild. The alleged actions are more akin to office gossip or politics, and "workers must not be so thin-skinned as to allow themselves to be unnerved by the rough and tumble of everyday life." *Ellison v. St. Mary's Hosp.*, 8 Va. Cir. 330, *2 (1987).

As to Defendants Francis and Fukano, Plaintiff alleges they both made false statements that Plaintiff was planning a drive by shooting of the Arai Americas, Inc. facility. They made these comments to other Arai Americas, Inc. employees. But these comments are not so outrageous on their face as to be intolerable in our society. They speak more of gossip, fear, or bitterness than offending against generally accepted standards of decency and morality. Comments to others about a third party's perceived actions are not by themselves outrageous or intolerable. And in the heated aftermath of a termination, they cannot rise to meet the requisite level of outrageousness and intolerability under *Womack* to avoid dismissal.

Finally, the Court turns to Defendant Speller's cancelation of Plaintiff's health insurance. This is not an outrageous or intolerable activity. Cancelations occur routinely and are a fixture of employee relationships with their former employers. Canceling health insurance is not akin to repeated bullying of an ill student or the fear and distress associated with the potential prosecution of an innocent man for child molestation. *Baird*, 192 F.3d at 472; *Womack*, 215 Va. at 342-43. It may be a mean act if done out of vengeance, or it may be an unemotional, bureaucratic act. Whatever else it is, it is not outrageous.

Because reasonable people could not disagree about whether this behavior rises to the level of outrageousness required by the tort, it is for this Court to decide. *Womack*, 215 Va. at 342. And the Court determines that *Womack* is not met. Thus Plaintiff fails to satisfy Rule 8(a)(2) and the behavior she alleges is insufficient to sustain an intentional infliction of emotional distress claims regarding these allegations.

### D. WHETHER A CAUSAL CONNECTION EXISTS BETWEEN DEFENDANTS' CONDUCT AND THE EMOTIONAL DISTRESS

Plaintiff does not plead sufficient causal connection between Defendants' conduct and her alleged severe emotional distress. In parts of her Amended Complaint, Plaintiff alleges a litany of consequences from Defendants' behavior, including embarrassment, humiliation, pain, attorneys' fees, consequential damages, and more. These do not demonstrate a causal connection between Defendants' actions and Plaintiff's alleged emotional distress. Indeed, most of those allegations are irrelevant. However, Plaintiff does allege that "as a result of [Defendants'] behavior . . . Plaintiff has experienced severe emotional distress." Am. Compl. ¶ 102. This allegation is nothing more than a legal conclusion. Although this prong of *Womack* is not zealously guarded, such a legal conclusion cannot meet Rule 8's requirement as articulated in *Twombly* and *Iqbal* without accompanying factual allegations.

13

V.   CONCLUSION

Plaintiff has failed to meet Rule 8's pleading requirements. Specifically she has failed to plead her Intentional Infliction of Emotional Distress claims with sufficient particularity and the count itself fails to meet Virginia's stringent requirements for this tort. Because the allegations comprise the totality of allegations against Arai Americas, Inc.'s employees as to Count 5 and fail to meet Plaintiff's burden, dismissal as to Arai Americas, Inc. is also warranted. Therefore, the Court **GRANTS** Defendants' Motion to Dismiss for Failure to State a Claim as to Count 5, ECF Nos. 5, 8, 11, **DISMISSES** the Amended Complaint as to Count 5 **WITHOUT PREJUDICE**, and **PROVIDES** Plaintiff leave to amend her Amended Complaint.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

IT IS SO ORDERED.

/s/
Robert G. Douma
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 2, 2014