IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



MARGARET CRITTENDON,

    Plaintiff

    v.                             CIVIL NO. 2:13-CV-567

ARAI AMERICAS, INC., ET AL,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Adrian Speller's ("Defendant") Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 11. Margaret Crittendon ("Plaintiff") filed a response. ECF No. 15. Defendants replied. ECF No. 19. The Motion is ripe for determination, and Defendant, the movant, requests ruling on the papers. For the reasons herein, the Court **GRANTS** Defendant Speller's Motion to Dismiss as to Count III. ECF No. 11.

### I.    PROCEDURAL HISTORY

Plaintiff filed a five-count Amended Complaint in Chesapeake Circuit Court in Virginia against Arai Americas, Inc., her former employer and the employer of the other named defendants, as well as Adrian Speller, Deborah Ragsdale, Junichi Fukano, and Nicole Francis, individually and as agents of Arai Americas, Inc. ECF. No. 1, Doc. 1-4. Plaintiff alleges violations of Title VII of the Civil Rights Act, the Equal Pay Act, and the Family and Medical Leave Act, as well as Defamation and Intentional Infliction of Emotional Distress.

Arai Americas, Inc. and Junichi Fukano removed the case to federal court with the

consent of all named Defendants on October 17, 2013. ECF No. 1. Defendants filed the instant motions October 24, 2013. ECF Nos. 5, 8, 11. Defendants Deborah Ragsdale and Nicole Francis together filed a Motion to Dismiss. ECF No. 5. Defendants Arai Americas, Inc. and Junichi Fukano filed another joint Motion to Dismiss. ECF No. 8. And Defendant Adrian Speller filed her own Motion to Dismiss. ECF No. 11. Defendants Fukano and Arai Americas, Inc. also demurred in Chesapeake Circuit Court and ask the Court to convert that Demurrer into a Partial Motion to Dismiss under Rule 12(b)(6). Plaintiff responded to all three Motions November 4, 2013. ECF Nos. 13, 14, 15. Defendants all replied on November 12, 2013. ECF Nos. 17, 18, 19.

On December 6, 2013, per the Motions, Responses, and the Parties' Agreements, the Court dismissed: Count I (Title VII) as to all Defendants but Arai Americas, Inc.; Count II (Equal Pay Act) as to Deborah Ragsdale, Nicole Francis, and Junichi Fukano; and Count III (Family and Medical Leave Act or FMLA) as to Deborah Ragsdale and Nicole Francis

On January 3, 2014, the Court dismissed Count 5 as to all five Defendants. ECF No. 21. Plaintiff did not amend her Amended Complaint within the permitted timeframe. On January 28, 2014, the Court denied Defendants' Fukano and Arai Americas, Inc.'s Motion to Dismiss on the basis of their state court Demurrer. ECF Nos. 22 & 23.

To keep the five Defendants and the various counts alleged clear, the Court will handle each Defendant in separate orders. This Order addresses Defendant Speller and Count III (FMLA), which she seeks to dismiss. Defendant Speller also points out that Count II (EPA) does not countenance her as a liable party.

## II.    FACTUAL HISTORY

Plaintiff is a former employee of Arai Americas, Inc., Plaintiff worked at Arai Americas' Virginia Beach, Virginia facility from February 2008, was promoted to Senior Vice President on

July 17, 2009, and terminated on August 13, 2012.

Plaintiff, concerning Count III, alleges that:

1. Plaintiff was provided a July 24, 2012 memorandum from Arai Americas, Inc., signed by Defendant approving her FMLA leave, beginning July 16, 2012. Am. Compl. ¶ 31.

2. Plaintiff was illegitimately prevented from obtaining FMLA benefits by Defendant and others. Am. Compl. ¶ 32.

3. Plaintiff's illness constituted a serious health condition within the meaning of the FMLA and/or its implementing regulations, of which Arai Americas, Inc. was aware. Am. Compl. ¶ 71.

4. Plaintiffs need for leave was protected under the FMLA. Am. Compl. ¶ 72.

5. Plaintiff was entitled to and began taking leave to which she was entitled under the FMLA as a result of her serious health conditions. Am. Compl. ¶ 73.

6. Plaintiff availed herself of protected rights under the FMLA and her employment was terminated while on FMLA leave. Am. Compl. ¶ 74.

7. Arai Americas, Inc. interfered with Plaintiffs FMLA rights and retaliated against Plaintiff in violation of 29 U.S.C. §§ 2614 and 2615. Am. Compl. ¶ 75.

8. Defendant Speller, and others, used Plaintiff's approved FMLA leave and possible future need for leave to deal with her serious health condition as negative factors in employment decisions relating to her, interfered with her use of FMLA benefits, retaliated and discriminated against Plaintiff for using FMLA qualifying leave and/or opposing conduct made unlawful under the FMLA, and adversely affected Plaintiff's employment during her FMLA qualifying leave in

violation of 29 U.S.C. §§ 2615(a)(1) and (a)(2), and/or 29 U.S.C. §§2615(b). Am. Compl. ¶ 76.

9.  Defendant Speller's, and others', conduct was willful and intentionally interfered with, restrained, and/or denied the exercise of, or attempted exercise of Plaintiff's rights under the FMLA. Am. Compl. ¶ 77.

10. As a direct and proximate result of the acts and practices of Adrian Speller and others, Plaintiff has suffered and continues to suffer injury and damage, including loss or denial of employment, past and future loss and denial of income, including wages, employment benefits, interest and other past and future pecuniary losses. Am. Compl. ¶ 78.

## III.    STANDARD OF REVIEW

### A.    MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This directive has not been interpreted to require "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It does require, however, a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to allow such an inference. *Id.* (citing *Twombly*, 550 U.S. at 555).

Where a plaintiff fails to state a claim upon which relief can be granted, or otherwise fails to meet the requirements of Rule 8(a)(2), Federal Rule of Civil Procedure 12(b)(6) permits a party to move the court to dismiss an action. The function of a motion to dismiss under Rule

4

12(b)(6) is to test the legal sufficiency of the complaint. *Neitzke v. Williams*, 409 U.S. 319, 326–27 (1989). The Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should be granted only in "very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); *Davis v. Hudeins*, 896 F.Supp. 561, 566 (E.D .Va. 1995) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quotation omitted); *Davis*, 896 F.Supp. at 566 (citing *Martin Marietta Corp. v. Int'l Telecomm. Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992)). And legal conclusions, which provide the complaint's framework, are not entitled to the assumption of truth if they are not supported by factual allegations. *Iqbal*, 556 US at 664.

### 1.   FAMILY AND MEDICAL LEAVE ACT

The Fourth Circuit has yet to decide whether the FMLA imposes liability on employee supervisors in their individual capacities. *Jones v. Sternheimer*, 387 Fed. Appx. 366, 368 (4th Cir. 2010). Regarding the private sector, the federal courts are split on liability, with the trend towards permitting it. *See Haybarger v. Lawrence Cnty. Adult Probation & Parole*, 667 F.3d 408, 415 (3rd Cir. 2012) ([A]n individual supervisor working for an employer may be liable as an employer under the FMLA. Furthermore, we discern no reason to distinguish between public agencies and private employers under the FMLA insofar as individual liability is concerned"); *Reed v. Md., Dep't of Human Resources*, 2013 WL 489985, at *13 (D. Md. Feb. 7, 2013) ("Congress specifically provided for individual liability in the private sector under [the

FMLA]."); *Weth v. O'Leary*, 796 F.Supp.2d 766, 776 (E.D. Va. 2011) (concluding that "individual liability on the part of manager, supervisors, and other individual officers of a larger company . . . is appropriate") *contra Carter v. Rental Uniform Service of Culpepper, Inc.*, 977 F. Supp. 753, 760 (W.D. Va. 1997) ("[T]here should be no personal liability under the FMLA."). "Indeed, a majority of federal courts to address the issue of private supervisor liability have concluded that such liability exists." *Caire v. Conifer Value Based Care, LLC*, 2013 WL 5973151 at *13 n.10 (D. Md. Nov. 8, 2013). This Court agrees that private sector supervisor liability exists under the FMLA.

"The term 'employer'— . . . includes — any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer . . . ." 29 U.S.C. § 2611(4)(A)(ii)(I). An individual who exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest is subject to individual liability under the FMLA. *Haybarger*, 667 F.3d at 417. When analyzing an individual supervisor's control, the Court looks to the economic reality of the employment situation and examines whether the individual supervisor carried out the function of an employer with respect to the employee. *Id.* at 418. This analysis amounts to a totality of the circumstances test. *Id.* The relevant inquiry is to what extent the supervisor exerted control over Plaintiff's FMLA rights. *Caire*, 2013 WL 5973151, at * 13.

## IV.    ANALYSIS

### A.    COUNT II DOES NOT SEEK LIABILITY AGAINST DEFENDANT SPELLER

Although Plaintiff and the other individual Defendants in this case dismissed Count II (Equal Pay Act) by agreement, such agreement seems to have eluded Plaintiff and Defendant Speller. Count II seeks relief for alleged violations of the Equal Pay Act and identifies Arai

Americas, Inc. as the potentially liable party. Am. Compl. ¶¶ 63-69. There is no mention of Defendant Speller. Therefore the Court agrees that Defendant Speller is not a contemplated Defendant for this Count and *sua sponte* dismisses Count II as to her.

### B.    PLAINTIFF HAS FAILED TO ALLEGE THAT DEFENDANT IS AN EMPLOYER UNDER THE FAMILY AND MEDICAL LEAVE ACT

The Defendant in *Haybarger*, which came to that court at the summary judgment stage and considered a public service employer,[1] "exercised substantial authority over [the plaintiff's] termination decision," although he lacked final authority to dismiss the plaintiff. 667 F.3d at 418. The defendant there recommended plaintiff's termination, wrote the termination letter, supervised plaintiff's work, and disciplined plaintiff. *Id.* at 418-19.

In *Caire*, the court denied a motion to dismiss where the Defendant was the Director of Human Resources. 2013 WL 5973171 at *14. The *Caire* plaintiff reported his medical condition to, requested medical leave from, submitted the necessary paperwork to, and received approval for leave from the defendant. *Id.* The letter terminating the *Caire* plaintiff was allegedly signed by the defendant, who also reiterated the reasons for the termination in an email and threatened legal action if plaintiff continued contacting former colleagues. *Id.* Although the plaintiff there did not specially allege that defendant had authority to make the decisions alleged, the court viewed the facts as a whole and concluded that the defendant had the authority to and exercised control over plaintiff's FMLA rights and his employment at large. *Id.* Thus liability under the FMLA was appropriate against the *Caire* defendant in her individual capacity. *Id.*

Defendant Speller, a human resources manager for Arai Americas, Inc., argues that Plaintiff alleges no facts to infer that Defendant is an "employer" under the Family and Medical

---

[1] As noted earlier, the Third Circuit does not distinguish between public and private employers concerning individual liability under the FMLA. *Haybarger*, 667 F.3d at 415. So its analysis in *Haybarger* remains persuasive in the instant matter.

Leave Act ("FMLA"). Defendant argues that Plaintiff does not allege that Defendant had any independent authority to discipline Defendant, any role in Plaintiff's termination, or held a supervisory position over Plaintiff. Instead, Defendant argues that the human resources manager of a satellite, branch operation is – by virtue of the position – unable to control or supervise the actions of a Senior Vice President, the highest ranking officer at the Virginia Beach office. Moreover, Defendant contends, Plaintiff raised her complaints through the former President of Arai Americas, Giochi Mori, not the Human Resources Department in Virginia Beach, Virginia, demonstrating Plaintiff's regard for Defendant's position.

Plaintiff contends that Defendant approved Plaintiff's FMLA leave by memorandum over her signature. And later, Plaintiff alleges, Defendant prevented Plaintiff from obtaining her FMLA benefits.

Plaintiff's allegations alone are insufficient to support an inference that Defendant Speller functioned as an employer under the FMLA with respect to the Plaintiff by exerting substantial control over Plaintiff's FMLA rights. *Haybarger*, 667 F.3d at 418; *Caire*, 2013 WL 5973151, at * 13. Defendant's human resources position is not enough, absent some additional showing, to demonstrate that she exerted substantial control over Plaintiff's FMLA rights. Defendant may have signed the memorandum granting Plaintiff FMLA leave and later prevented her from obtaining those benefits, but the actions alleged pale in comparison to those in the *Haybarger* and *Caire* cases, where the plaintiffs demonstrated or alleged defendants exercised substantial control over their FMLA rights. Here, Plaintiff Crittendon has failed to demonstrate that Defendant Speller exercised the necessary substantial control over Plaintiff's FMLA rights to be considered an employer under that Act. Because the pleadings are insufficient to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*,

8

556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)), the Court must dismiss the Count.

## V.    CONCLUSION

Defendant is not contemplated as a liable party for Count II, and the Court *sua sponte* **DISMISSES** that Count against Defendant. Plaintiff has failed to meet her burden in alleging that Defendant, by her actions and through her position, is liable under the FMLA. Therefore, the Court **GRANTS** Defendant Speller's Motion to Dismiss as to Count III (FMLA). ECF No. 11. Count IV (Defamation) remains pending against Defendant.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 27, 2014

9